Judge Underwood,
delivered the opinion of the court.
Tins is an action of ejectment. The land in controversy is a very narrow slip, only a few poles wide, claimed by both parties under the same patent. The ancestor of the defendant below, now plaintiff in error, first took actual possession, by enclosing part of the land. When his fence'rotted down *483 (which happened before he had been in possession twenty years) the vendor of the defendant in error, took actual possession, by enclosing a part of ground cleared by the plaintiil’sancestor: and continued nearly twenty years in possession, when the fa nee was moved in for the benefit of a pass-way. The plaintiff in error, then extended her fence so as to enclose the ground of which her ancestor first had the actual possession: Whereupon this action was instituted.
A & B claim under the same patent, A by de< d executed B by executory conlract, B ia quad tenant of A, and cannot resist a recovery in ejectment*
It is in proof, that the plaintiff in error claims under the same patent from which the defendant in error derives title. The plaintiff’s claim is founded on an executory contract. The proof of that fact, rebuts the presumption of title which might arise from possession by her and those under whom she claimed; even if such possession had been established, by the evidence, to have been of twenty years continuance without interruption. But as no such continued possession was made to appear, and as the lessor of the plaintiff in the action, exhibited a title to the land, derived from the patentee by regular conveyances, his right to recover was manifest ; and therefore the court correctly set aside the verdict against him, and. granted a new trial.
The instruction given on the last trial was correct. True, the plaintiff in error and her ancestor had, for more than twenty years, claimed to a marked line; and it is equally true, that the defendant in error, and those under whom he claimed, had likewise, for more than twenty years, claimed to a line, which left a small piecé of ground between the two lines which had been alternately enclosed and occupied; neither party, though, at any one time having twenty years continued occupation and possession; the one party claiming under an executed, the other under an exe-cutory contract.
In this state of things, the plaintiff in error or party claiming under the executory contract, n as quasi ten. ant to the patentees, and could not resist a recovery in an action of ejectment by them or their vendee.
These principles have been so repeatedly recognized by this court, as to render a citation of authorities in their support, useless.
Reid, for appellant.
Wherefore, the judgment is affirmed, but without costs, as the defendant in error has not appeared to make defence in this court.